# Exhibit A

## BEFORE THE ARKANSAS STATE BOARD OF PHARMACY

IN THE MATTER OF
US COMPOUNDING INC
WD03144, AR20503                                    CASE 2020-081

### CONSENT ORDER

The Arkansas State Board of Pharmacy (hereafter "the Board") having obtained information indicating that US Compounding, Inc. (WD03144 and AR020503) (hereafter referred to as "Respondent") is subject to a hearing regarding certain acts and practices and it appearing that Respondent is willing to enter into a Consent Order to resolve the pending controversy:

IT IS HEREBY agreed by and between Respondent and the Executive Director of the Board that:

1. Respondent holds licenses WD03144 and AR020503 and is subject to the jurisdiction of the Board at all times relevant to this Consent Order.

2. Respondent has read the proposed Consent Order, acknowledges its right to consult with counsel and voluntarily agrees to enter into this Consent Order on its own volition and without any reliance upon any representations by the Board or any officer, employee, agent or other representative thereof, other than expressly set forth herein.

3. Respondent waives any further procedural steps including, without limitation, the right to a hearing and all rights to seek judicial review and the right to otherwise challenge or contest the validity of this Consent Order.

4. Respondent agrees that the Board will review and determine whether to approve this Consent Order. Furthermore, should this Consent Order not be

approved by the Board, Respondent agrees that the presentation and consideration of this Consent Order by the Board shall not unfairly or illegally prejudice the Board or any of its members from further participation in, consideration or resolution of the matters set forth herein.

5. This agreement shall not become a valid and enforceable order of this Board unless and until it is accepted and approved by the Board at an official meeting and executed by the President of the Board or her designee.

6. This Consent Order and the Board's records in regard to this proceeding are public records that are available to the public pursuant to and subject to the exceptions of the Freedom of Information Act, A.C.A. § 25-19-101 *et seq.*

## BACKGROUND

1. On April 26, 2021, the Board issued an Order and Notice of Hearing that included allegations that Respondent violated certain Arkansas pharmacy laws and regulations.

2. Subsequent to the issuance of the Order and Notice of Hearing, the Audit Committee of, Adamis Pharmaceuticals Corp., Respondent's parent-company, initiated an independent internal investigation conducted by outside counsel to examine, among other things, Respondent's veterinary business practices.

3. Due to certain findings of the independent internal investigation, Adamis Pharmaceuticals took immediate steps to terminate certain business relationships as well as all Respondent employees that the investigation concluded

had engaged in improper business practices, including certain conduct that is under review by the Board.

4. Adamis Pharmaceuticals' robust effort to root out the source of the violative veterinary business practices ultimately resulted in a business decision to cease all operations at Respondent as of August 2021.

5. In addition to ceasing Respondent's operations, Adamis Pharmaceuticals is currently considering a number of enhancements to the Company's compliance programs and internal controls. The Audit Committee continues to work with counsel and outside consultants to construct and recommend to Adamis Pharmaceuticals a compliance program that promotes integrity and accountability. Adamis Pharmaceuticals will work with the Audit Committee to timely adopt any such proposal that will reasonably improve its internal controls.

## FINDINGS OF FACT

1. Respondent holds a wholesaler/outsourcer permit (WD03144) and a retail pharmacy permit (AR20503) issued by and subject to the jurisdiction of the Arkansas State Board of Pharmacy.

2. Respondent failed to ensure prescribing veterinarians were licensed in the state into which product was ordered and/or shipped (Reg 07-02-0002(m)(1)).

3. Respondent allowed for issuance of veterinary legend products directly to consumers without receipt of a legal prescription in violation of Reg 07-02-0002(m) and 08-00-0001 (1).

4. Respondent failed to ensure proper pricing of product in which veterinarians collected payment for product where the veterinarian was an intermediate in financial processing (Reg 04-02-0005).

5. Respondent provided remuneration directly to a veterinarian in connection with a veterinary prescription.

6. Respondent provided veterinary prescription drugs to animal owners without the authorization of a licensed veterinarian and a prescription in violation of Regulation 07-00 and 0702-0002(m).

7. Respondent filled veterinary prescriptions from emails received from US Compounding sales representatives, without a valid prescription, in violation of Regulation 07-00¬0008(3) and Regulation 07-00-0008(4) and 07-02-0002(m).

8. Respondent filled veterinary prescriptions for patients that did not have a valid practitioner-patient relationship which is in violation of Regulation 07-00-0009 and 07-02-0002(b)(1) and 07-02-0002(m).

## CONCLUSIONS OF LAW

1. Respondent's operation, as described above in Finding of Facts 1 through 8, is contrary to applicable regulations and constitutes grounds for disciplinary action pursuant to A.C.A. § 17-92-407.

## ORDER

**IT IS** THEREFORE ORDERED that:

1. In lieu of revocation, Respondent shall surrender licenses WD03144 and AR020503 effective October 31, 2021.

2.   Respondent shall pay a civil penalty of seventy five thousand dollars ($75,000.00) within 30-days of the date of this Order.

3.   Respondent shall be ineligible for licensure as a pharmacy or wholesale distributor in Arkansas without further action of the Board.

4.   Respondent shall pay investigative cost of seventy five thousand dollars ($75,000.00) within 30-days of the date of this Order

IT IS FURTHER ORDERED that the Board shall retain jurisdiction of this matter for the purposes of implementing and enforcing this Consent Order and that Respondent's failure to comply with any provision herein shall constitute gross unprofessional or dishonorable conduct for which the Board may impose disciplinary action pursuant to A.C.A. § 17-92-311(a)(7).

IT IS SO ORDERED this ___ day of October, 2021.

ARKANSAS STATE BOARD OF PHARMACY

by: _____
President

Agreed:

_____
RESPONDENT

_[signature]_

John Clay Kirtley,
Pharm. D. Executive
Director
Arkansas State Board of Pharmacy