# Exhibit B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| DMK PHARMACEUTICALS CORP., *et al.*,[1] | Case No. 24-10153 (MFW) <br> (Jointly Administered) |
| Debtors. | Re: Docket Nos. 341 and 351 |

## CERTIFICATION OF COUNSEL REAGRDING STIPULATION BETWEEN THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND THE UNITED STATES DEPARTMENT OF JUSTICE

I, Michael Busenkell, counsel to the above-captioned Debtors, hereby certify and state as follows:

1. On June 11, 2024, the Debtors filed its Motion for an Order (I) Converting Their Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code and (II) Granting Related Relief [D.I. 341], which was subsequently withdrawn on June 14, 2024 [D.I. 351] (the "Motion").

2. Following the filing of the Motion, counsel for the Debtors, the Committee of Unsecured Creditors and the DOJ (collectively, the "Parties") engaged in numerous conversations regarding the Motion.

3. The Parties have agreed to the terms memorialized in the *Stipulation Between the Debtors, the Official Committee of Unsecured Creditors, and the United States Department of Justice* (the "Stipulation") attached hereto as Exhibit A.

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) DMK Pharmaceuticals Corporation ("DMK") (9727) (ii) Adamis Corporation ("Adamis") (4912); (iii) Adamis Pharmaceuticals Corporation ("Adamis Pharma") (9663); (iv) Biosyn, Inc. ("Biosyn") (4982); (v) Rhombus Pharmaceuticals Corp. ("Rhombus") (6127); and (vi) US Compounding, Inc. ("USC") (7460) (collectively referred to as the "Debtors"). The Debtors' mailing address is: 50 Division Street, Suite 501, Somerville, NJ 08876, with copies to Nelson Mullins Riley & Scarborough LLP, Attn: Lee Hart, Atlantic Station, Suite 1700, 201 17th Street NW, Atlanta, GA 30363; and Gellert Seitz Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

WHEREFORE, the Parties respectfully request that the Court enter an order, in a form substantially similar to the Proposed Order attached hereto as Exhibit B, approving the Stipulation.

Dated: July 25, 2024  
       Wilmington, Delaware

GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5812
E-mail: mbusenkell@gsbblaw.com

- and -

Lee B. Hart (*Admitted Pro Hac Vice*)
Adam D. Herring (*Admitted Pro Hac Vice*)
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
E-mail: lee.hart@nelsonmullins.com
           adam.herring@nelsonmullins.com

- and -

Dylan G. Trache (*Admitted Pro Hac Vice*)
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 689-2800
E-mail: dylan.trache@nelsonmullins.com

- and -

Rachel A. Sternlieb (*Admitted Pro Hac Vice*)
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: (303) 853-9900
E-mail: rachel.sternlieb@nelsonmullins.com

***Counsel to the Debtors in Possession***

2

**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DMK PHARMACEUTICALS CORP., *et al.*,[1] | Case No. 24-10153 (MFW) (Jointly Administered) |
| Debtors. | |

### STIPULATION BETWEEN THE DEBTORS,
### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
### AND THE UNITED STATES DEPARTMENT OF JUSTICE

This stipulation (the "Stipulation") is entered into by and among counsel to Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 bankruptcy proceeding of the above captioned debtors (each a "Debtor" and collectively, the "Debtors"), the Debtors, and the United States Department of Justice (the "DOJ" or the "Claimants," and together with the Committee and the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

**WHEREAS**, the Claimants have asserted various claims (the "Claims") against the Debtors;

**WHEREAS,** the Debtor USC entered into a plea agreement with the United States of America, pursuant to which USC agreed it was liable for (i) a criminal fine up to $16,959,112 (the "Criminal Fine"); (ii) forfeiture of $4,239,778 ("Forfeiture"); and (iii) the mandatory special

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) DMK Pharmaceuticals Corporation ("DMK") (9727) (ii) Adamis Corporation ("Adamis") (4912); (iii) Adamis Pharmaceuticals Corporation ("Adamis Pharma") (9663); (iv) Biosyn, Inc. ("Biosyn") (4982); (v) Rhombus Pharmaceuticals Corp. ("Rhombus") (6127); and (vi) US Compounding, Inc. ("USC") (7460) (collectively referred to as the "Debtors"). The Debtors' mailing address is: 50 Division Street, Suite 501, Somerville, NJ 08876, with copies to Nelson Mullins Riley & Scarborough LLP, Attn: Lee Hart, Atlantic Station, Suite 1700, 201 17th Street NW, Atlanta, GA 30363; and Gellert Seitz Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

assessment of $800 (the "Special Assessment"), to be paid by USC directly to the Clerk of the Court for the United States District Court for the Southern District of New York (the "SDNY District Court");

**WHEREAS**, on June 11, 2024, the Debtors filed a Motion for an Order (I) Converting Their Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code and (II) Granting Related Relief [D.I. 341], which was subsequently withdrawn on June 14, 2024 [D.I. 351].

**WHEREAS**, the Parties have engaged in discussions regarding the Claims and have agreed to the following terms;

**NOW, THEREFORE**, in consideration of the foregoing and the mutual promises of the Parties herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows:

1. Recitals. The recitals set forth above are incorporated herein by this reference as though set forth herein at length.

2. Agreement Effective Date. This Stipulation shall be effective upon the date the Bankruptcy Court enters an order approving the Stipulation, which may include, without limitation, an order confirming a Chapter 11 plan for the Debtors contemplating the approval of this Stipulation (the "Agreement Effective Date").

3. Claim Allowance. The Parties hereby agree and the Bankruptcy Court orders that upon the Agreement Effective Date, the DOJ shall have an allowed, undisputed, noncontingent, liquidated general unsecured claim for (a) Forfeiture in the amount of $4,239,778, which shall be treated consistently with the treatment of all other general unsecured claims in the cases, and (b) the Criminal Fine (collectively with the claim for Forfeiture, the "Governmental Claims") in the amount of $16,959,112, which the Parties agree shall be subordinated to all other general

unsecured claims. The Parties also hereby agree that the Debtors shall pay the Special Assessment of $800 to the SDNY District Court upon approval by the Bankruptcy Court, for which the Debtors will seek authority pursuant to Section 503(b) of the Bankruptcy Code promptly after the filing of this Stipulation, notwithstanding the Agreement Effective Date. Other than as expressly provided in this paragraph with regard to the Criminal Fine, the Governmental Claims shall not be subject to subordination. The Parties' agreement regarding the treatment of the Government Claims and the Special Assessment reflects the Parties' resolution of the claims only in these cases, based on the circumstances of these cases, and shall not be construed as an admission about the treatment of claims for criminal forfeiture or fines generally, or any claims asserted in any other bankruptcy case.

4. <u>Representations of Claimants</u>. Claimants represent and warrant that: (i) they are the sole owners and holders of the Claims; (ii) they have not sold, assigned, or transferred the Claims; (iii) no consents are necessary for them to enter into this Stipulation or that any required consents have been obtained; and (iv) no proceeding, litigation, or adversary proceeding before any court, arbitrator, or administrative governmental body is pending against it that would have an adverse effect on its ability to enter into this agreement or to perform its obligations thereunder.

5. <u>Attorneys' Fees and Costs</u>. Each Party to this Stipulation shall bear its own attorneys' fees and costs.

6. <u>Headings</u>. The headings used in this Stipulation are inserted for convenience only and do not in any way limit or modify the terms or provisions of this Stipulation and shall not affect the interpretation hereof.

7. <u>Binding Effect</u>. This Stipulation and each and every covenant, warranty, release, and agreement set forth herein shall be binding upon and insure to the benefit of each of the Parties

hereto and their respective agents, subsidiaries, employees, officers, directors, predecessors, successors, and assigns, including, but not limited to, a trustee appointed under a Chapter 11 plan of reorganization or a Chapter 7 trustee.

8. <u>Governing Law</u>. This Stipulation shall be governed by and construed in accordance with the laws of the United States of America and applicable state law. Any disputes arising in connection with this Stipulation shall be adjudicated by the Bankruptcy Court. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

9. <u>Original and Counterparts</u>. This Stipulation may be executed in separate counterparts, each of which shall constitute an original, and all of which shall constitute a single agreement. It shall not be necessary, in making proof of this Stipulation, to produce or account for more than one (1) complete set of counterparts. Further, this Stipulation may be executed by transfer of an originally signed document by facsimile or e-mail in PDF format, each of which shall be as fully binding as an original document.

10. <u>No Waiver</u>. The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

11. <u>Severability</u>. Should any provision of this Stipulation be held by a court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Stipulation will nonetheless remain in full force and effect, unless such portion of the Stipulation is so material that its deletion would violate the obvious purpose and intent of the Parties.

12. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties with respect to its subject matter. There are no other covenants, promises, agreements,

conditions, or understandings, either oral or written, expressed or implied, between the Parties, except for this Stipulation with respect to its subject matter. The terms are contractual and not merely recitals. No alteration, amendment or modification shall be effective or binding upon any Party unless in writing and duly executed by all Parties.

13. <u>Acknowledgments</u>. The Parties acknowledge that they have carefully read and fully understand the terms of this Stipulation. They have jointly negotiated and prepared this Stipulation and are fully satisfied with all of its terms. The individuals executing this Stipulation are authorized to do so on behalf of the organizations for which they execute this Stipulation and have had a full opportunity to consult with legal counsel regarding the terms. The Parties have entered into this Stipulation knowingly and voluntarily and agree to all of its provisions.

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first written below.

Dated: July 25, 2024

| **PORZIO, BROMBERG & NEWMAN, P.C.**<br><br>*/s/ Cheryl A. Santaniello*<br>Cheryl A. Santaniello, Esq.<br>300 Delaware Avenue, Suite 1220<br>Wilmington, Delaware 19801<br>Telephone: (302) 526-1235<br>Facsimile: (302) 416-6064<br>Email: casantaniello@pbnlaw.com<br><br>Warren J. Martin Jr., Esq. (*Pro Hac Vice*)<br>Kelly D. Curtin, Esq. (*Pro Hac Vice*)<br>Rachel A. Parisi, Esq. (*Pro Hac Vice*)<br>Porzio, Bromberg & Newman, P.C.<br>100 Southgate Parkway<br>P.O. Box 1997<br>Morristown, New Jersey 07962<br>Telephone: (973) 538-4006<br>Facsimile: (973) 538-5146<br>Email: wjmartin@pbnlaw.com<br>Email: kdcurtin@pbnlaw.com<br>Email: raparisi@pbnlaw.com<br><br>***Counsel for the Official Committee of Unsecured Creditors*** | **GELLERT SEITZ BUSENKELL & BROWN, LLC and NELSON, MULLINS, RILEY & SCARBOROUGH LLP**<br><br>*/s/ Michael Busenkell*<br>Michael Busenkell, Esq.<br>1201 N. Orange Street, Suite 300<br>Wilmington, DE 19801<br>Telephone: (302) 425-5800<br>Facsimile: (302) 425-5814<br>E-mail: mbusenkell@gsbblaw.com<br><br>Lee B. Hart, Esq. (*Pro Hac Vice*)<br>Adam D. Herring, Esq. (*Pro Hac Vice*)<br>201 17th Street NW, Suite 1700<br>Atlanta, GA 30363<br>Telephone: (404) 322-6000<br>Facsimile: (404) 322-6050<br>E-mail: lee.hart@nelsonmullins.com<br>E-mail: adam.hering@nelsonmullins.com<br><br>Dylan G. Trache, Esq. (*Pro Hac Vice*)<br>101 Constitution Avenue, NW, Suite 900<br>Washington, D.C. 20001<br>Telephone: (202) 689-2800<br>Facsimile: (202) 689-2860<br>E-mail: dylan.trache@nelsonmullins.com<br><br>- and –<br><br>Rachel A. Sternlieb, Esq. (*Pro Hac Vice)*<br>1400 Wewatta St., Suite 500<br>Denver, CO 80202<br>Telephone: (303) 583-9900<br>Facsimile: (303) 583-9999<br>E-mail: rachel.sternlieb@nelsonmullins.com<br><br>***Counsel to Debtors*** |
|---|---|
| **UNITED STATES DEPARTMENT OF JUSTICE**<br><br>*/s/ Louisa A. Soulard*<br>KIRK T. MANHARDT, Director<br>KEVIN VANLANDINGHAM, Ass't Director<br>LOUISA A. SOULARD, Trial Attorney<br>U. S. Department of Justice, Civil Division<br>P. O. Box 875, Ben Franklin Station<br>Washington, D.C. 20044-0875<br>Telephone: (202) 514-9038<br>louisa.soulard@usdoj.gov<br><br>***Counsel to the United States Department of Justice*** | |

6

**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DMK PHARMACEUTICALS CORP., *et al.,* | Case No. 24-10153 (MFW) <br> (Jointly Administered) |
| Debtors. | Related to Docket No. _____ |

### ORDER GRANTING STIPULATION BETWEEN THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND THE UNITED STATES DEPARTMENT OF JUSTICE

Upon consideration of the Stipulation Between the Debtors, the Official Committee of Unsecured Creditors, and the United States Department of Justice (the "Stipulation")[1] filed by the Debtors, the Committee of Unsecured Creditors and the DOJ (collectively, the "Parties"); the Court having reviewed the Stipulation,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is GRANTED.

2. The Parties agree to the terms set forth in the Stipulation.

3. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

---

[1] Any capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.